UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **BONNIE KAVANAUGH,**<br>1740 Eden Park Drive, Apt. 322<br>Hamilton, OH 45013<br>　　　　　**Plaintiff,**<br><br>vs.<br><br>**HUNTER WARFIELD, INC.**<br>4620 Woodland Corporate Blvd.<br>Tampa, FL 33614<br><br>　　**Please also serve:**<br>　　c/o Stephen Sobota, Registered Agent<br>　　4620 Woodland Corporate Blvd.<br>　　Tampa, FL 33614<br><br><br>　　　　　**Defendant.** | Case No. _____<br><br>Judge _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**WITH JURY DEMAND<br>ENDORSED HEREON** |

Plaintiff, by and through counsel, and on behalf of herself and all others similarly situated, states as follows:

## INTRODUCTION

1.　　Plaintiff Bonnie Kavanaugh ("Ms. Kavanaugh") was a tenant of the Wildwood Apartment Complex ("Wildwood") in Fairfield, Ohio from 2010 to 2020. Six months after moving out of her unit, she received a notice from a company she had never done business with claiming that she owed them over $3,000.00. That company was Hunter Warfield, Inc.,("Defendant") an out-of-state debt collection company that collects on behalf of various landlords throughout Ohio, including Wildwood.

2.　　The initial notice from Hunter Warfield, Inc. did not contain a list of what they claimed she owed. Instead it just had a generic demand for money and a threat that the balance

1

would only increase. When Ms. Kavanaugh requested proof of the debt, she discovered that part of the balance due included supposed attorney fees of her former landlord. This surprised her because Ohio law directly prohibits landlords from charging attorney fees in any agreement with a residential tenant. Undeterred, Hunter Warfield, Inc. deceptively sought to collect these amounts by hiding them in a generic demand for payment to Ms. Kavanaugh. Ms. Kavanaugh files this suit, on behalf of herself others similarly situated, seeking a court order to stop this illegal conduct and damages as a result of Hunter Warfield's deceptive actions.

## PARTIES, JURISDICTION, VENUE

2. Ms. Kavanaugh is a natural person who resides in Butler County, Ohio. Ms. Kavanaugh is a former tenant of 103 Ramey Ln. Apt A. Fairfield, OH 45014 at Wildwood. Ms. Kavanaugh is a "consumer" as defined in 15 U.S.C. § 1692a(3) and a "tenant" as defined in O.R.C. § 5321.01(A).

3. Class members are natural persons who have received communications from Defendant seeking payment of attorney fees on behalf of Ohio landlords from September 4, 2019 to September 4, 2020. Class members are "consumers" as defined in 15 U.S.C. § 1692a(3) and "tenants" as defined in O.R.C. § 5321.01(A).

4. Hunter Warfield, Inc. ("Defendant") is a Florida corporation and debt collector that regularly collects debts, including back-rent and tenancy-related debts, on behalf of landlords in Ohio, including Wildwood's owners. Defendant has attempted to collect consumer debts from Ohio residents, including Ms. Kavanaugh. Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6). The landlords that Defendant seeks debts on behalf of are "creditors" as defined in 15 U.S.C. § 1692a(4) and "landlords" as defined in O.R.C. § 5321.01(B).

5. The controversy between the parties arose in Butler County, Ohio.

6. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

7. Venue is proper with this Court pursuant to 28 U.S.C. § 1391 as the Southern District of Ohio is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## CLASS ACTION ALLEGATIONS

8. Ms. Kavanaugh brings this action as a class action pursuant to Fed. R. Civ. P. 23(b)(1) and (b)(3) on behalf of a class (the "Class") consisting of all similarly situated persons or entities who:

    (i) Were Ohio tenants as defined in O.R.C. § 5321.01(A);

    (ii) Received communications seeking payment of attorney fees sent by Defendant on behalf of Ohio landlords (as defined in O.R.C. § 5321.01(B)) from September 4, 2019 to September 4, 2020; and

    (iii) were damaged by Defendant's unlawful demand for landlords' attorney fees.

9. Excluded from the Class are: Defendant's officers, directors, employees, legal representatives, successors, assigns, and any individual who has, or who at any time during the class period has had, a controlling interest in the Defendant; the Judge(s) to whom this case is assigned and any member of the Judge's immediately family; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

10. Ms. Kavanaugh reserves the right to modify the Class, add subclasses, and modify the class period as discovery is conducted.

11. The Class is so numerous that joinder of all Class members is impracticable. While the exact number of Class members is unknown, it is estimated that there are dozens of

potential Class members, as upon information and belief there are approximately 583 apartment units at Wildwood.

12. There are questions of law and/or fact common to the Class.

13. Ms. Kavanaugh's claims are typical of the claims of the members of the Class, because all members of the Class sustained damages arising from Defendant's unlawful demand for landlords' attorney fees in violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692f, and O.R.C. § 5321.13(C).

14. Ms. Kavanaugh will fairly and adequately protect the interests of the members of the Class.

15. Ms. Kavanaugh has retained counsel competent and experienced in this type of litigation and Ms. Kavanaugh has no interests antagonistic to or in conflict with the other members of the Class.

16. Because the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it practically impossible for Class members to seek redress for the wrongs done to them. No unusual difficulties are likely to be encountered in the management of this class action.

17. Prosecuting separate actions by Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the party opposing the Class. Doing so would also create a risk of adjudications with respect to individual Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

18. There are questions of law and fact common to the members of the Class which predominate over any questions affecting any individual Class members. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FACTS RELEVANT TO ALL CLAIMS

19. The Ohio Landlord Tenant Act strictly prohibits agreements to pay a landlord's attorney fees by a tenant. *See* O.R.C. § 5321.13(C).

20. Ms. Kavanaugh was a tenant at 103 Ramey Ln. Apt A., Fairfield, OH 45014 at Wildwood from around November 30, 2013 to around February 26, 2020. Prior to that, Ms. Kavanaugh was a Wildwood tenant at 45 Adams Circle, Apt. A, Fairfield, OH 45014 from around March 2010 to around November 30, 2013.

21. The owner of Wildwood, Ms. Kavanaugh's landlord, filed an action in forcible entry and detainer against her. The action in forcible entry and detainer case was eventually dismissed. *See* Magistrate's Decision, *Villages of Wildwood Owner LLC v. Bonnie Kavanaugh and David Smith*, Fairfield Municipal Court, Small Claims Division, Case No. 2019-SCI-1684 (filed May 20, 2020). Ms. Kavanaugh's landlord is a "creditor" as defined in 15 U.S.C. § 1692a(4) and a "landlord" as defined in O.R.C. § 5321.01(B).

22. On August 11, 2020, Defendant sent a demand for payment on behalf of Ms. Kavanaugh's landlord to Ms. Kavanaugh's attorney, seeking payment of purported debts owed to Ms. Kavanaugh's landlord arising from Ms. Kavanaugh's Wildwood tenancy including, *inter alia*, rent as well as attorney fees for the forcible entry and detainer case filed against Ms. Kavanaugh. This Demand for Payment is attached hereto as **Exhibit A**. The Demand for Payment is a "communication" as defined in 15 U.S.C. § 1692a(2), and the claimed rent and other financial obligations are "debts" as defined in 15 U.S.C. § 1692a(5).

23. During the past year, Defendant has sent unlawful communications to Class members seeking payment of purported debts arising from their tenancies in Ohio and allegedly owed to creditor landlords in Ohio, including unlawfully seeking payment of landlords' attorney fees in violation of O.R.C. § 5321.13(C), 15 U.S.C. § 1692e, and 15 U.S.C. § 1692f.

## FIRST CLAIM
### (Violation of FDCPA -- 15 U.S.C. § 1692e)

24. Ms. Kavanaugh incorporates the prior paragraphs as if fully rewritten herein.

25. Ms. Kavanaugh and the Class members have been the objects of collection activity arising from consumer debts; specifically, debts owed to their landlords arising from their residential tenancies.

26. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

27. In attempting to unlawfully collect attorney fees along with other consumer debts from Ms. Kavanaugh and Class members, Defendant has engaged in an act prohibited by 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the consumer debts, including but not limited to making a false representation of the character, amount, or legal status of the debt; as well as by using a false representation or deceptive means to collect or attempt to collect the debt or to obtain information concerning Ms. Kavanaugh and Class members.

28. Pursuant to 15 U.S.C. § 1692k, Ms. Kavanaugh and Class members are entitled to, and seek, actual damages, statutory damages under 15 U.S.C. § 1692k(a)(2), costs, and reasonable attorney fees.

## SECOND CLAIM
### (Violation of FDCPA -- 15 U.S.C. § 1692f)

29. Ms. Kavanaugh incorporates the prior paragraphs as if fully rewritten herein.

30. Ms. Kavanaugh and the Class members have been the objects of collection activity arising from consumer debts; specifically, debts owed to their landlords arising from their residential tenancies.

31. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

32. In attempting to unlawfully collect attorney fees along with other consumer debts from Ms. Kavanaugh and Class members, Defendant has engaged in an act prohibited by 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt, including but not limited to collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law.

33. Pursuant to 15 U.S.C. § 1692k, Ms. Kavanaugh and Class members are entitled to, and seek, actual damages, statutory damages under 15 U.S.C. § 1692k(a)(2), costs, and reasonable attorney fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Ms. Kavanaugh prays for final judgment in her favor as follows:

(A) Certification of a Class pursuant to Fed. R. Civ. P. 23;

(B) Against the Defendant, an award of compensatory and statutory damages exceeding $75,000 exclusive of interest and costs, in an amount to be proven at trial, reasonable attorney fees, and costs;

(C) Prejudgment and post-judgment interest at the maximum statutory rate;

(D) Tax the costs of this matter against the Defendant; and

(E) Grant Ms. Kavanaugh and the Class Members such other relief, whether legal or equitable, that this Court deems just and proper.

Respectfully submitted,

/s/ *Brian P. O'Connor*  /s/ *Michael S. Spillane*
Brian P. O'Connor (0086646)  Michael S. Spillane (0091769)
John D. Holschuh III (0095377)  CORNETET, MEYER, RUSH & STAPLETON
SANTEN & HUGHES  123 Boggs Lane
600 Vine Street, Suite 2700  Cincinnati, Ohio 45246
Cincinnati, Ohio 45202  (513) 771-2444
bpo@santenhughes.com  (513) 771-2447 (facsimile)
jdhiii@santenhughes.com  mspillane@cmrs-law.com
(513) 721-4450  *Co-Lead Counsel for Plaintiff*
(513) 721-0109 (facsimile)
*Co-Lead Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this action on all issues so triable.

/s/ *Brian P. O'Connor*
Brian P. O'Connor (0086646)
*Co-Lead Counsel for Plaintiff*

8